Filed 8/19/20  P. v. Renteria CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B301545 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  KA038347) |
| v. | |
| RONALD DAVE RENTERIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Theodore D. Piatt, Judge.  Affirmed.

Ronald Dave Renteria, in pro. per.; Maggie Shrout, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

Appellant Ronald Dave Renteria petitioned for sentencing relief under Proposition 36 (the Three Strikes Reform Act of 2012). After the trial court denied his petition, appellant moved for reconsideration, which the court also denied. Appellant then appealed the denial of his motion for reconsideration. Appellant's court-appointed counsel has filed an opening brief raising no issues, and appellant has submitted a supplemental brief. Following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist. Accordingly, we affirm.

## BACKGROUND

In 1998, appellant was convicted of carjacking (Pen. Code § 215, subd. (a))[1] and escape from custody (§ 4532, subd. (b)(1)), and he was sentenced to a total term of 69 years to life under the "Three Strikes" law (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2)). In 2013, appellant filed in propria persona a petition for relief under Proposition 36, which "authorizes prisoners serving third[-]strike sentences whose 'current' offense (i.e., the offense for which the third[-]strike sentence was imposed) is not a serious or violent felony to petition for recall of the sentence and for resentencing as a second-strike case. (See § 1170.126, subd.

---

[1] Undesignated statutory references are to the Penal Code.

2

(f); see also §§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)"
(*People v. Johnson* (2015) 61 Cal.4th 674, 679-680.)

The trial court ultimately issued an order to show cause why appellant should not be resentenced on his conviction for escape from custody, and it appointed counsel to represent him in the proceeding.[2] However, the court denied the petition as to appellant's carjacking conviction, concluding it was both a serious and a violent felony and thus not subject to resentencing under Proposition 36.

Years later, appellant filed in propria persona a motion for "reconsideration" of the partial denial of his petition in light of *People v. Frierson* (2017) 4 Cal.5th 225 (*Frierson*). Under *Frierson*, after a petitioner makes an initial showing of eligibility for relief under Proposition 36, the prosecution has the burden to prove the petitioner's ineligibility beyond a reasonable doubt. (*Frierson, supra*, at 230, 234.) The trial court denied appellant's motion, explaining he had made no initial showing of eligibility, as his carjacking conviction did not qualify for resentencing relief under Proposition 36. Appellant filed a timely notice of appeal.

## DISCUSSION

After reviewing the record, appellant's court-appointed counsel filed an opening brief requesting that this court independently review the record pursuant to *People v.*

---

[2] The record does not reflect the outcome or status of that proceeding.

3

*Wende*, *supra*, 25 Cal.3d 436.  Counsel also advised appellant of his right to submit a supplemental brief raising any contentions or argument he wished the court to consider.  In response, appellant submitted a supplemental brief.

In his supplemental brief, appellant raises three points.  First, he renews his claim that under *Frierson*, he is entitled to a hearing at which the prosecution will have the burden to prove his ineligibility for relief beyond a reasonable doubt.  Appellant is mistaken.  "'[T]he petitioning defendant has the initial burden of establishing eligibility'" for relief under Proposition 36.  (*Frierson*, *supra*, 4 Cal.5th at 234, italics omitted.)  As the trial court explained, appellant's carjacking offense is both a serious and a violent felony.  (§§ 667.5, subd. (c)(17), 1192.7, subd. (c)(27).)  He is therefore ineligible for relief as to that conviction and was not entitled to a hearing.  (See § 1170.126, subd. (e)(1).)

Second, appellant notes that the Ninth Circuit does not consider the California carjacking offense a "crime of violence" for purposes of federal sentencing law.  This fact has no relevance, however, to whether carjacking is a serious or violent offense under California law.  As noted, it is both.

Third, appellant suggests his carjacking conviction and a related firearm enhancement are invalid because there was insufficient evidence to support them, the evidence presented was false, and he received ineffective assistance of counsel at trial.  Those assertions do not relate to appellant's claim for relief under Proposition 36, and he may not challenge the propriety of his 1998 conviction and firearm

4

enhancement in this appeal from the denial of his motion for reconsideration.

We have examined the entire record and are satisfied no arguable issue exists.  By virtue of counsel's compliance with the *Wende* procedure and our review of the record, appellant has received adequate and effective appellate review of the judgment.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 278.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, P. J.

We concur:

COLLINS, J.

CURREY, J.

6